

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| BETTY TILLMAN,<br>　　　Plaintiff,<br><br>vs.<br><br>THE INDEPENDENT ORDER OF<br>FORESTERS, *d/b/a/ "Foresters Financial"*,<br>and FORESTERS FINANCIAL SERVICES,<br>INC.,<br><br>　　　Defendants. | §<br>§<br>§<br>§　Civil Action No. 0:23-00249-MGL<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTIONS TO STRIKE PLEADINGS**
**AND FOR PARTIAL SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Plaintiff Betty Tillman (Tillman) brought this action against Defendants the Independent Order of Foresters and Foresters Financial Services, Inc. (collectively, Foresters) in the Lancaster County Court of Common Pleas, alleging state law causes of action for breach of contract, bad faith, negligence, and under the Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20, *et seq*. Foresters removed this matter and asserted a counterclaim for declaratory judgment. The Court has jurisdiction under 28 U.S.C. § 1332.

Pending before the Court are Tillman's motions to strike pleadings and for partial summary judgment, both submitted in a single filing. Having carefully considered the motions, the response,

the reply, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

This case arises out of a life insurance policy issued to Zy'Keyah Strain (Strain) by Foresters on February 14, 2020 (the Policy), of which Tillman was named the sole beneficiary.

Strain died in May 2020 because of an accidental death, which Foresters contends was a drug overdose. Foresters determined it would decline to pay the policy claim to Tillman, and attempted multiple times to void the Policy through mutual recission. It asserts Strain lied on the Policy application by stating she was a nonuser of drugs.

Tillman commenced this action in November 2022. Foresters filed its answer and counterclaim in January 2023, which was the first time it raised voiding the Policy in any legal proceedings.

After Tillman filed her motions, Foresters filed a response and Tillman replied. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

## III.    MOTION TO STRIKE

Tillman asks the Court to strike portions of Foresters' answer and counterclaim that allege the Policy is void.

A motion to strike pleadings under Federal Rule of Civil Procedure 12(f) must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Forester filed its answer and counterclaim on January 26, 2023, and Tillman, in turn, filed her answer to the counterclaim on February 10, 2023. She failed to file her motion to strike until September 20, 2023. Thus, it is untimely.

Moreover, it raises the same legal arguments as the motion for partial summary judgment, and if timely filed, would fail for the identical reasons the Court will discuss below. Therefore, the Court will deny Tillman's motion to strike.

**IV.    MOTION FOR SUMMARY JUDGMENT**

   *A.    Standard of Review*

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party has the burden of proving summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing there is a genuine issue for trial. *Id.* at 323; *see also* Fed. R. Civ. P. 56.

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Rule 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore,

"[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### B.     Discussion and Analysis

Tillman seeks summary judgment on her breach of contract claim, arguing Foresters has forfeited the right to contest the validity of the Policy because it neglected to do so within two years of its issuance, and is thus liable for failing to pay her death benefit under the Policy.

Under S.C. Code Ann. § 38-63-220(d), enacted in 1976, all life insurance policies must contain a provision the policy is "incontestable as to the truth of the application for insurance and to the representations of the insured individual after they have been in force during the lifetime of the insured for a period of two years from their date of issue." The Policy, in fact, contains such a provision.

As per this provision, the insurance carrier must "initiate[] a mutual rescission or institute[] proceedings to vacate a policy on the ground of the falsity of the representations" within this two-year period. *Id*.

4

Foresters insists the two-year limitation applies only during the life of the insured, and because Strain died three months after it issued the Policy, the Policy is still contestable.

The parties have failed to present, and the Court has been unable to find, any controlling caselaw squarely addressing this issue.  Nevertheless, when the state supreme court in a diversity case has "spoken neither directly nor indirectly on the particular issue" a court must predict how the supreme court would rule by considering lower court decisions and other persuasive data including "restatements of the law, treatises, and well considered *dicta*." *Private Mortg. Inv. Servs, Inc. v. Hotel & Club Assocs., Inc.*, 296 F.3d 308, 312 (4th Cir. 2002).

Prior to 1976, the relevant statute mandated

> [a]ll companies which issue a policy or certificate of insurance on the life of a person shall, after a period of two years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance or to assert that the assured person had made false representations.

 S.C. Code § 37-161 (1962); *see United States v. Katz*, 271 U.S. 354, 357 (1926) (in ascertaining legislative purpose, courts may examine the source in previous legislation of the provision in question).

In 1976, however, the legislature added the language requiring a policy be in force for two years "during the lifetime of the insured" before becoming incontestable.  S.C. Code Ann. § 38-63-220(d).

To adopt Tillman's interpretation of the current statute would render the added language without meaning.  *See United States v. Menasche,* 348 U.S. 528, 538–39 (1955) ("The cardinal principle of statutory construction is to save and not to destroy. . . . It is our duty to give effect, if possible, to every clause and word of a statute[.]" (internal quotation marks omitted) (citation omitted)).

True, this would appear to provide insurance companies an unlimited amount of time to challenge false applications. But, this protects the insurance company from being responsible to pay out a policy when the insured had lied and then quickly died before the insurance company had an opportunity to identify the deception.

Foresters cites *Wright v. Minnesota Mut. Life Ins. Co.*, 246 S.E.2d 866 (S.C. 1978). In that case, the Supreme Court held, in the context of a group life insurance policy, conditions for an incontestability clause were unmet when the insured died before the two-year period enumerated in the policy had elapsed. *Id.* at 869.

Likewise, in *Taylor v. Am. Heritage Life Ins. Co.*, 448 F.2d 1375 (4th Cir. 1971), the insured died about four months after the insurance company issued his group insurance policy. Employing District of Columbia (D.C.) law, which is similar to South Carolina law on this issue, the Fourth Circuit determined the contestability limitation failed to apply because the insured died less than two years after the date of issuance. *Id.* at 1378 (explaining under D.C. law, life insurance policies must contain "[a] provision that, except as otherwise expressly provided by law, the policy . . . shall be incontestable after it has been in force during the lifetime of the insured for a period of not more than two years from its date" (quoting D.C. Code § 35-703(3))).

Tillman suggests *Wright* and *Taylor* are distinguishable because they involve group life insurance policies. But, the relevant statutory language is practically the same. The Court is unable to parse any material differences that would impact its analysis. Thus, the Court finds these cases persuasive.

Tillman, on the other hand, relies on *Carroll v. Jackson Nat. Life Ins. Co.*, 414 S.E.2d 777, 778 (S.C. 1992). She cites *Carroll* for the proposition that "[a]fter the policy has been in effect for two years, the application may not be challenged." *Id.* But the case is not about that. Instead,

the South Carolina Supreme Court held "when the insured dies during the contestability period of a life insurance policy, the Insurance Company is not required to prove a causal connection between the death and material misrepresentations by the insured in the application of insurance." *Id.* Tillman merely cites out-of-context dicta.

Tillman also cites a case decided by the undersigned, *Jackson v. Am. Gen. Life Ins. Co.*, No. 3:14-cv-148-MGL, 2014 WL 12608584 (D.S.C. Sept. 15, 2014). In that case, the insurance company acknowledged the two-year contestability period had run by the time it filed its answer in the case. *Id.* at *2. It contended, however, it was unrequired to file a lawsuit because the policy at issue had been mutually rescinded. *Id.* This Court determined there was a genuine issue of material fact as to whether such rescission had occurred. *Id.*

As in *Carroll*, although the Court mentioned the two-year limitation, it failed to analyze its meaning. The Court thus finds this case inapposite and unpersuasive.

Based on the Court's interpretation of the statute and persuasive case law, the Court determines the South Carolina Code means what it says, and the time limitation on contestability applies only if the policy is in force for two years before the insured's death.

Accordingly, the Court will deny Tillman's motion for partial summary judgment, as well.

### V.   CONCLUSION

For the reasons stated above, it is the judgment of the Court Tillman's motions to strike pleadings and for partial summary judgment are **DENIED**. The stay in this matter is hereby **LIFTED**. The parties shall confer and submit a joint scheduling order no later than one week from the date of this order.

**IT IS SO ORDERED.**

Signed this 1st day of May 2024, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
